## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

|  |  |
|---|---|
| **JAWARA FINCH**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**PB OF BRANDON, INC.**, a Florida corporation,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  8:26-cv-1015**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, JAWARA FINCH ("FINCH" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Family & Medical Leave Act (FMLA), Americans with Disabilities Act (ADA), Florida Civil Rights Act (FCRA), and Title VII of the Civil Rights Act of 1964 for (1) interference in violation of the FMLA, (2) retaliation in violation of the FMLA, (3) disability discrimination in violation of the ADA, (4) disability discrimination in violation of the FCRA, (5) retaliation in violation of the ADA, (6) retaliation in violation of the FCRA, (7) race discrimination in violation of Title VII, (8) retaliation in violation of Title

1

VII, (9) race discrimination in violation of the FCRA, and (10) retaliation in violation of the FCRA.

## PARTIES

2. The Plaintiff, JAWARA FINCH ("FINCH") is an individual and a resident of Florida who at all material times resided in Highlands County, Florida. At all material times, FINCH performed work for the Defendant at its Valrico location and other locations in Florida. FINCH was an employee within the contemplation of the FMLA, ADA, FCRA, and Title VII. Venue for this action lies in the Middle District of Florida, Tampa Division.

3. The Defendant, PB OF BRANDON, INC. ("Defendant") is a Florida corporation doing business as Pest Bear with a principal place of business in Hillsborough County, Florida. Defendant was FINCH's employer within the meaning of the FMLA, ADA, FCRA, and Title VII as it employs in excess of 15 employees.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Defendant's principal place of business is located in Valrico, Hillsborough County, Florida, which is within the Middle

District of Florida. Venue is proper in the Tampa Division under Local Rule 1.04 since the Defendant's principal place of business is in Hillsborough County, which is within the Tampa Division.

6. FINCH received his Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on January 28, 2026 and the instant Complaint is filed within the time frame required under the law. A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.

## GENERAL ALLEGATIONS

7. FINCH began his employment with the Defendant on or about June 2021, initially as a Lawn Technician, and worked his way up to Service Manager over both the lawn and pest control departments in May 2022.

8. FINCH performed his assigned duties in a professional manner and was very well qualified for his position.

9. In fact, FINCH consistently received positive performance reviews from the Defendant and earned customer satisfaction ratings, including multiple five-star reviews recognizing his excellent service.

10. FINCH is a qualified person with a disability and thus a member of a protected class, as he suffers from Myasthenia Gravis, a neuromuscular condition significantly impacting several everyday activities including facial expression, chewing, swallowing, speech, breathing, and walking. FINCH was

later diagnosed with cancer in May 2025, requiring surgery, chemotherapy, and radiation treatment.

11.     FINCH's impairments impact his ability to perform major life activities and major bodily functions.

12.     FINCH has a history of these impairments that limit major bodily functions and several major life activities. FINCH's impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

13.     FINCH is also a member of a protected class as an African American individual.

14.     On or about May 25, 2023, FINCH reported his supervisor, Randall Headley, for racial discrimination after Mr. Headley made repeated racially offensive comments including "Wow, it's dark in here" upon entering a room with majority Black employees, and "Black people are good at rigging things up" when referring to a Black employee.

15.     After investigation, the Defendant terminated Mr. Headley on June 3, 2023, substantiating FINCH's complaints.

16.     On June 8, 2023, just days after Mr. Headley's termination, District Manager Don Cadillac held a meeting with FINCH and Branch Manager Aaron Owens and expressed disappointment with FINCH's decision to report the discrimination, stating that if it were his decision, he would have fired FINCH instead of Randall Headley.

4

17.     Following this meeting, Mr. Cadillac refused to provide FINCH with managerial support when requested, demonstrating retaliatory animus.

18.     On November 9-10, 2024, FINCH visited the emergency room and was diagnosed with Myasthenia Gravis.

19.     On November 11, 2024, FINCH informed Branch Manager Aaron Owens of his diagnosis and provided a doctor's note indicating he could return to work with light-duty restrictions.

20.     Rather than engaging in the interactive process or providing reasonable accommodations, Mr. Owens instructed FINCH to drive himself home, took his work vehicle and keys, and told him he should go on FMLA leave, despite FINCH being capable of performing his job duties with reasonable accommodations.

21.     On November 12, 2024, feeling he had no choice to save his position, FINCH contacted Human Resources to initiate FMLA leave.

22.     FINCH's FMLA leave was approved and he remained on leave from late November 2024 through January 2025.

23.     On February 1, 2025, FINCH was cleared by his physician to return to work with no restrictions.

24.     On February 3, 2025, FINCH returned to work only to be informed that his Service Manager position had been filled during his absence and he

was being demoted to Lead Lawn Technician with the same salary but stripped of all managerial responsibilities and duties.

25.     FINCH was told he no longer held his protected position.

26.     Following his return, FINCH was then assigned an excessive workload designed to exacerbate his medical condition.

27.     On February 19, 2025, management questioned FINCH about performance issues. When FINCH explained his limitations, he was shouted at by supervisors.

28.     On February 25, 2025, three months after disclosing his disability, the Defendant finally initiated the interactive process by asking FINCH to complete ADA accommodation paperwork and provide additional medical documentation, despite already having medical clearance.

29.     In March 2025, the Defendant demoted FINCH again to Lawn Spray Technician and slashed his pay.

30.     In May 2025, FINCH was diagnosed with cancer and required surgery followed by chemotherapy and radiation treatment beginning in August 2025.

31.     Due to the repeated demotions, pay reduction, and inability to take time off for necessary cancer treatment, FINCH was forced to resign in August 2025.

32.     At all material times, the Defendant was aware of FINCH's disabilities, his race, and his protected activities under the FMLA and Title VII, which are the bases for its discriminatory and retaliatory employment practices toward him.

## COUNT I - VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA") – INTERFERENCE

33.     Plaintiff incorporates by reference Paragraphs 1-32 as though fully set forth below.

34.     FINCH qualified for FMLA leave since he suffered from a serious health condition, Myasthenia Gravis, had worked for more than 1,250 hours in the previous 12 months, and the FMLA defines a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

35.     FINCH informed the Defendant of his need for leave due to his serious health condition on November 12, 2024.

36.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination.

37.     The Defendant approved FINCH's FMLA leave from approximately late November 2024 through January 2025.

38.     FINCH engaged in activity protected by the FMLA when he requested and took medical leave due to his serious health condition.

39.     The Defendant knew that FINCH was exercising his rights under the FMLA and was aware of FINCH's need for FMLA-protected absence.

40.     FINCH complied with all of the notice and due diligence requirements of the FMLA.

41.     The Defendant failed to restore FINCH to his original Service Manager position and instead demoted him to a lower position, eliminating his managerial responsibilities in violation of 29 U.S.C. § 2614(a)(1) and 29 CFR § 825.214(a).

42.     The Defendant further interfered with FINCH's FMLA rights by subsequently demoting him again and reducing his pay, and by creating a hostile work environment that prevented him from taking additional necessary medical leave for cancer treatment.

43.     A causal connection exists between FINCH's taking of FMLA-protected leave and the adverse employment actions taken against him by the Defendant.

44.     The timing of FINCH's demotions—occurring immediately upon return from FMLA leave and within months thereafter—demonstrates the Defendant's interference with his FMLA rights.

45.     As a result of the above-described violations of FMLA, FINCH has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II - VIOLATION OF THE FAMILY & MEDICAL LEAVE ACT ("FMLA") – RETALIATION

46.     Plaintiff incorporates by reference Paragraphs 1-32 as though fully set forth below.

47.     FINCH qualified for FMLA leave since he suffered from serious health conditions, had worked more than 1,250 hours in the preceding 12 months of employment with the Defendant, and the FMLA defines a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

48. FINCH informed the Defendant of his need for leave due to his serious health conditions and took approved FMLA leave.

49. FINCH engaged in activity protected by the FMLA when he requested and took leave due to his serious health conditions.

50. The Defendant knew that FINCH was exercising his rights under the FMLA.

51. FINCH complied with all of the notice and due diligence requirements of the FMLA.

52. A causal connection exists between FINCH's request for and taking of FMLA-protected leave and the Defendant's adverse employment actions against him.

53. The Defendant retaliated by demoting FINCH from his Service Manager position immediately upon his return from FMLA leave, stripping him of managerial responsibilities and duties despite returning with medical clearance.

54. The Defendant further retaliated by demoting FINCH again to Lawn Spray Technician with a substantial pay reduction and creating an excessive workload designed to force him out.

55. The timing of the adverse employment actions—occurring immediately after FINCH's return from FMLA leave and continuing thereafter—demonstrates retaliatory intent.

56.     The Defendant's actions ultimately forced FINCH to resign when he needed additional medical leave for cancer treatment, further demonstrating the retaliatory nature of its conduct.

57.     As a result of the above-described violations of FMLA, FINCH has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT III - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED

58.     Plaintiff incorporates by reference Paragraphs 1-32 as though fully set forth below.

59.     At all relevant times, FINCH was an individual with disabilities within the meaning of the ADA, suffering from Myasthenia Gravis and later cancer.

11

60.     FINCH's impairments substantially limit one or more major life activities and bodily functions, including facial expression, chewing, swallowing, speech, breathing, walking, and normal cell growth.

61.     FINCH is a qualified individual as that term is defined in the ADA, capable of performing the essential functions of his position with or without reasonable accommodation.

62.     At all material times, FINCH was an employee, and the Defendant was his employer covered by and within the meaning of the ADA.

63.     FINCH's disabilities qualify under the ADA.

64.     Defendant discriminated against FINCH with respect to the terms, conditions, and privileges of employment because of his disabilities.

65.     Rather than providing reasonable accommodations when FINCH presented a light-duty work restriction, the Defendant forced him onto medical leave despite his ability to work with accommodations.

66.     Upon FINCH's return with full medical clearance, the Defendant demoted him from his Service Manager position and stripped him of managerial responsibilities.

67.     The Defendant further discriminated by demoting FINCH again with a substantial pay reduction and assigning him excessive workloads designed to aggravate his medical condition.

12

68.     The Defendant's failure to engage in a timely interactive process and its assignment of unreasonable workloads constitute discrimination based on disability.

69.     The Defendant's actions ultimately forced FINCH to resign when he required medical leave for cancer treatment, demonstrating ongoing discrimination.

70.     Defendant conducted itself with malice or with reckless indifference to FINCH's federally protected rights.

71.     The conduct of Defendant altered the terms and conditions of FINCH's employment and FINCH suffered negative employment actions in the form of demotions, pay reduction, and constructive discharge.

72.     As a direct and proximate result of the violations of the ADA, as referenced and cited herein, FINCH has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

73.     As a direct and proximate result of the Defendant's actions, FINCH has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

74.    FINCH has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT IV - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT - DISABILITY DISCRIMINATION

75.    Plaintiff incorporates by reference Paragraphs 1-32 as though fully set forth below.

14

76.     At all relevant times, FINCH was an individual with disabilities within the meaning of the FCRA, suffering from Myasthenia Gravis and later cancer.

77.     FINCH's impairments substantially limit one or more major life activities and bodily functions.

78.     FINCH is a qualified individual as that term is defined in the FCRA.

79.     At all material times, FINCH was an employee, and the Defendant was his employer covered by and within the meaning of the FCRA.

80.     FINCH's disabilities qualify under the FCRA.

81.     Defendant discriminated against FINCH with respect to the terms, conditions, and privileges of employment because of his disabilities.

82.     Defendant conducted itself with malice or with reckless indifference to FINCH's protected rights under Florida law.

83.     The conduct of the Defendant altered the terms and conditions of FINCH's employment and FINCH suffered negative employment actions in the form of demotions, pay reduction, and constructive discharge.

84.     As a direct and proximate result of the violations of the FCRA, FINCH has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

15

85.    As a direct and proximate result of the Defendant's actions, FINCH has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

86.    FINCH has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

16

## COUNT V - VIOLATION OF THE ADA - RETALIATION

87.     Plaintiff incorporates by reference Paragraphs 1-32 as though fully set forth below.

88.     Following FINCH's disclosure of his disabilities and requests for reasonable accommodations and FMLA leave, Defendant retaliated by forcing him onto leave, demoting him twice upon his return, reducing his pay, and creating a hostile work environment.

89.     Said protected activity was the proximate cause of Defendant's negative employment actions against FINCH, including demotions, pay reduction, excessive workload assignments, and constructive discharge.

90.     The timing of FINCH's demotions—occurring immediately after his return from disability-related leave—demonstrates retaliatory intent.

91.     The Defendant's failure to restore FINCH to his original position and its subsequent adverse actions demonstrate a pattern of retaliation for exercising his rights under the ADA.

92.     Instead of providing reasonable accommodations, Defendant retaliated against FINCH through demotions, pay reduction, and ultimately forced his resignation.

93.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the ADA.

94.     As a direct and proximate result of the violations of the ADA, FINCH has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

95.     As a direct and proximate result of the Defendant's actions, FINCH has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

96.     FINCH has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT VI - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – RETALIATION

97.     Plaintiff incorporates by reference Paragraphs 1-32 as though fully set forth below.

98.     Following FINCH's disclosure of his disabilities and requests for reasonable accommodations and FMLA leave, Defendant retaliated by forcing him onto leave, demoting him twice upon his return, reducing his pay, and creating a hostile work environment.

99.     Said protected activity was the proximate cause of Defendant's negative employment actions against FINCH, including demotions, pay reduction, excessive workload assignments, and constructive discharge.

100.    Instead of providing reasonable accommodations, Defendant retaliated against FINCH through demotions, pay reduction, and ultimately forced his resignation.

101.    The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

19

102.    As a direct and proximate result of the violations of the FCRA, FINCH has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

103.    As a direct and proximate result of the Defendant's actions, FINCH has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

104.    FINCH has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Punitive damages;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT VII - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - RACE DISCRIMINATION

105.     Plaintiff incorporates by reference Paragraphs 1-32 as though fully set forth below.

106.     FINCH is a member of a protected class as an African American individual.

107.     FINCH was qualified for his position as Service Manager and performed his duties in a satisfactory manner, as evidenced by positive performance reviews and customer satisfaction ratings.

108.     FINCH was subjected to adverse employment actions including demotions, pay reduction, and constructive discharge.

109.     Throughout his employment, FINCH and other African American employees were subjected to racially hostile conduct, including offensive comments by supervisors such as "Wow, it's dark in here" when entering rooms with predominantly Black employees and "Black people are good at rigging things up."

110.     After FINCH reported this racial discrimination, District Manager Don Cadillac expressed that he would have preferred to fire FINCH rather

than the supervisor who made the racist comments, demonstrating racial animus.

111.    Following FINCH's complaints of racial discrimination, Mr. Cadillac refused to provide managerial support to FINCH, treating him less favorably than non-African American employees.

112.    The Defendant's discriminatory treatment of FINCH, including the demotions and pay reduction following his protected activity, was motivated at least in part by his race.

113.    FINCH was treated differently from similarly situated non-African American employees.

114.    The Defendant's actions created and maintained a racially hostile work environment.

115.    As a direct and proximate result of the Defendant's discriminatory conduct, FINCH has suffered damages including loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

116.    FINCH has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT VIII - VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – RETALIATION

117.    Plaintiff incorporates by reference Paragraphs 1-32 as though fully set forth below.

118.    FINCH engaged in statutorily protected activity when he reported racial discrimination by his supervisor Randall Headley in May 2023.

119.    The Defendant was aware of FINCH's protected activity and investigated his complaint, ultimately terminating Mr. Headley.

23

120. Following FINCH's protected activity, the Defendant subjected him to adverse employment actions, including denial of managerial support, demotions, pay reduction, and constructive discharge.

121. District Manager Don Cadillac explicitly expressed his disapproval of FINCH's complaint by stating he would have fired FINCH instead of the supervisor who engaged in racial discrimination.

122. Mr. Cadillac thereafter refused to provide FINCH with necessary managerial support, demonstrating retaliatory animus.

123. A causal connection exists between FINCH's protected activity of reporting race discrimination and the adverse employment actions taken against him.

124. The temporal proximity between FINCH's complaint and the retaliatory conduct, combined with the explicit statements of disapproval and subsequent denial of support, demonstrate retaliatory intent.

125. The pattern of adverse actions continuing through 2024 and 2025, including the demotions and pay reduction, constitute ongoing retaliation for FINCH's 2023 protected activity.

126. As a direct and proximate result of the Defendant's retaliatory conduct, FINCH has suffered damages including loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

127.    FINCH has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT IX - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT - RACE DISCRIMINATION

128.    Plaintiff incorporates by reference Paragraphs 1-32 as though fully set forth below.

129.    FINCH is a member of a protected class as an African American individual.

130.    FINCH was qualified for his position and performed his duties satisfactorily.

131.    FINCH was subjected to adverse employment actions including demotions, pay reduction, and constructive discharge.

132.    The Defendant subjected FINCH to a racially hostile work environment and discriminated against him because of his race.

133.    FINCH was treated differently from similarly situated non-African American employees.

134.    The Defendant's discriminatory conduct was motivated at least in part by FINCH's race.

135.    As a direct and proximate result of the Defendant's discriminatory conduct, FINCH has suffered damages including loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

136.    FINCH has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

26

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT X - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT – RETALIATION

137.    Plaintiff incorporates by reference Paragraphs 1-32 as though fully set forth below.

138.    FINCH engaged in statutorily protected activity when he reported racial discrimination in May 2023.

139.    The Defendant was aware of FINCH's protected activity.

140.    Following FINCH's protected activity, the Defendant subjected him to adverse employment actions.

141. A causal connection exists between FINCH's protected activity and the adverse employment actions taken against him.

142. The Defendant's retaliatory conduct included denial of support, demotions, pay reduction, and constructive discharge.

143. As a direct and proximate result of the Defendant's retaliatory conduct, FINCH has suffered damages including loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for mental and emotional distress.

144. FINCH has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

28

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Demand is hereby made for a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: April 8, 2026        **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com